IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **FOODBRANDS SUPPLY CHAIN SERVICES, INC., f/k/a NATIONAL SERVICES CENTER, INC.,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| ) | CIVIL ACTION |
| v. ) ) | No.  02-2504-CM |
| ) | |
| **TERRACON, INC., et al.,** ) ) | |
| **Defendant.** ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Foodbrands Supply Chain Services, Inc.'s ("Foodbrands") Objections to and Motion to Review and Amend Pretrial Order (Doc. 263), and defendant Terracon, Inc.'s ("Terracon") Motion to Clarify the Pretrial Order (Doc. 264).

Before reaching the substance of each party's objections to the pretrial order, the court finds it important to note that, based on the pretrial order that was filed, including Magistrate Judge O'Hara's extensive footnotes, it is clear to the court that Magistrate Judge O'Hara spent a lot of time on and gave careful consideration to the parties' objections at the time the pretrial order was drafted. The controversy surrounding the pretrial order is simply one example of the parties' inability to come to agreement on even the most basic issues in this case. Having reviewed the parties' objections and arguments, as well as the pretrial order itself, the court believes that the pretrial order as it is written accurately reflects the claims, defenses, and posture of this case. However, the court will address the parties' objections more specifically below.

**I.      Foodbrands' Objections**

In its motion, Foodbrands objects to: (1) the court's inclusion of Terracon's proposed factual contentions in subparagraphs A.3 - A.7 and B.17 of paragraph 5.b of the pretrial order and Terracon's asserted defense that all of its services were performed pursuant to a single contract; (2) the court's refusal to include an additional enumerated claim for breach of implied warranty as part of Foodbrands' theories of recovery and the court's decision to limit the language of the pretrial order to the language of Foodbrands' third amended complaint; (3) the inclusion of the economic loss doctrine as a defense or affirmative defense to Foodbrands' claims; and (4) the inclusion of the parol evidence rule as a defense to Foodbrands' claims.

First, regarding Foodbrands' objection to the court's inclusion of several of Terracon's proposed factual contentions in paragraph 5.b of the pretrial order, the court finds that Magistrate O'Hara considered Foodbrands' objections contemporaneously with the drafting of the pretrial order and overruled them. Magistrate O'Hara specifically found that Foodbrands was not prejudiced by including Terracon's contentions and that the inclusion of the material was necessary to the "formulation and simplification of the issues" under Fed. R. Civ. P. 16(c)(1). Magistrate O'Hara also noted that Foodbrands had the right to make its specific arguments regarding Terracon's admissions that there was more than one contract through filing of dispositive motions. The court finds nothing new in Foodbrands' objections that warrants changing the pretrial order. Foodbrands' objection on this issue is overruled.

Second, regarding Foodbrands' objection to the court's refusal to include a claim for breach of implied warranty, the court notes that Magistrate O'Hara previously denied Foodbrands' motion for leave to file a fourth amended complaint that would have added a breach of implied warranty claim. The court has

reviewed Magistrate O'Hara's order denying Foodbrands' motion to file a fourth amended complaint and agrees with his findings: (1) that Foodbrands did not show good cause under Fed. R. Civ. P. 16(b) to untimely amend the complaint; (2) that Foodbrands did not satisfy the Rule 15(a) standards that would permit it to amend its complaint; and (3) that Terracon would suffer undue prejudice if the court permitted Foodbrands to amend its complaint at such a late time in the case. As a result, in drafting the pretrial order, Magistrate O'Hara limited Foodbrands to the detailed factual contentions and legal theories pleaded in Foodbrands' third amended complaint. Again, the court finds nothing new in Foodbrands' argument that warrants changing the pretrial order. The court finds that Magistrate O'Hara was correct in limiting Foodbrands to the factual contentions and legal theories pleaded in its third amended complaint and overrules Foodbrands' objection on this issue.

Third, regarding Foodbrand's objection to the inclusion of the economic loss doctrine as a defense or affirmative defense to Foodbrands' claims, the court again notes that Magistrate O'Hara considered Foodbrands' objection contemporaneously with the drafting of the pretrial order, including the two cases from the intermediate Florida appellate court that Foodbrands cited. Magistrate O'Hara found that the economic loss doctrine may apply by operation of law when a contractual relationship exists and that it requires no separate affirmative proof. Magistrate O'Hara further noted that Foodbrands would have the opportunity to address this issue through dispositive motions. Notably, Foodbrands has filed a partial summary judgment motion on the economic loss doctrine issue (Doc. 273), which awaits the court's ruling. The court finds that Magistrate O'Hara properly overruled Foodbrands' objection on this issue; the court will make its ruling regarding the viability of the economic loss doctrine in this case in addressing Foodbrands' partial summary judgment motion.

Finally, Foodbrands objects to the inclusion of the parol evidence rule as a defense to Foodbrands' claims. However, Foodbrands also noted that it understood the applicability of the parol evidence rule has been reserved for later determination by the court and did not further support its objection. Accordingly, Foodbrands' objection on this issue is overruled.

## II.     Terracon's Objection

In its motion, Terracon objects to the inclusion of one paragraph of plaintiff's proposed factual contentions on page 12 of the order, claiming that the paragraph is related to Foodbrands' claim that there was an August 2000 oral agreement or modification between the parties.[1] Terracon contends that no discovery was conducted on such alleged claim and wants to prevent Foodbrands from pursuing at trial a theory that was not alleged in the pleadings. Foodbrands contends that it has no intention of claiming that there was an August 2000 contract between the parties. Accordingly, because Foodbrands will not pursue a claim that there was an August 2000 contract, because Magistrate O'Hara has already overruled Foodbrands' attempts to include in the pretrial order any factual contentions that assert a contract or

---

[1] The paragraph at issue states:

> As a result of its engineering, consulting, inspection, and testing roles during the construction phase of the Project, Terracon actively sought, positioned, and accepted a job function that ultimately evaluated the quality and acceptability of the pavement product through quality control observation and testing. Foodbrands reasonably relied upon Terracon to monitor activities, including the quality of the product and materials being installed, and to take affirmative action either to prevent the installation of non-conforming materials (such as pavement concrete) or, at the very least, to report more than the raw data from testing results. Foodbrands also reasonably relied on Terracon to unequivocally and assertively inform Foodbrands of the possible ramifications or consequences to the ultimate performance of the Project if non-conforming materials were installed on the Project.

Notably, the paragraph at issue does not mention an August 2000 oral agreement.

modification in August 2000 as inconsistent with Foodbrands' third amended complaint, and because the paragraph at issue does not mention an August 2000 oral agreement or contract, the court overrules Terracon's objection to the pretrial order.

**IT IS THEREFORE ORDERED** that Foodbrands' Objections to and Motion to Review and Amend Pretrial Order (Doc. 263), and Terracon's Motion to Clarify the Pretrial Order (Doc. 264) are denied for the reasons set forth above.

Dated this 14th day of September 2005, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**