# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **FOODBRANDS SUPPLY CHAIN SERVICES, INC., f/k/a NATIONAL SERVICES CENTER, INC.,** ) ) ) ) ) | |
| Plaintiff, ) ) | |
| ) | CIVIL ACTION |
| v. ) ) | No. 02-2504-CM |
| ) | |
| **TERRACON, INC., et al.,** ) ) | |
| Defendant. ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Terracon, Inc.'s ("Terracon") Motion to Strike Plaintiff's Experts (Doc. 184), plaintiff Foodbrands Supply Chain Services, Inc.'s ("Foodbrands") Motion in Limine to Strike the Surrebuttal Expert Reports of Luke Snell and Steven Levorson (Doc. 218), Terracon's Motion to Strike Experts as a Discovery Sanction (Doc. 224), Foodbrands' Motion for Leave to File Surreply, or, in the Alternative, To Strike Materials Newly Submitted by Terracon (Doc. 231), Terracon's Motion for Order to Submit Amended Reply Memorandum in Support of its Motion to Strike Experts as Discovery Sanction (Doc. 250), Foodbrands' Motion to Strike Amended Reply Memorandum and Evidence (Doc. 259), and Foodbrands' Motion in Limine to Strike Expert Testimony of Kelly Rotert and Luke Snell (Doc. 314).

**I.     Background**

    **A.     Foodbrands' Experts**

Foodbrands has designated two expert witnesses to testify: Gary J. Van Riessen and John Fraczek. Foodbrands timely submitted the reports of both experts on July 6, 2004, and Terracon deposed Van Riessen and Fraczek on August 11 and 25, 2004, respectively. On October 14, 2004, Terracon filed its motion under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to strike both Van Riessen and Fraczek's testimony (Doc. 184). Terracon contends that neither Van Riessen nor Fraczek should be allowed to offer expert testimony that Terracon violated the standard of care in performing services at the subject project and that the expert opinions proffered by both of these witnesses fail to meet the standards for admissibility under *Daubert*. In response to Terracon's motion to strike Van Riessen and Fraczek, on November 5, 2004, Foodbrands included with its legal briefing extensive declarations for both experts which had not previously been disclosed to Terracon. Foodbrands also designated Van Riessen and Fraczek as rebuttal experts and submitted additional expert reports.

On November 9 and 11, 2004, Terracon again deposed Van Riessen and Fraczek. During the depositions, Terracon's counsel attempted to question Van Riessen and Fraczek about the declarations and the new reports, which Terracon claims contradicted or modified the experts' prior opinions. Foodbrands' counsel instructed Van Riessen and Fraczek not to answer any questions about their declarations or what Terracon considered to be new or modified opinions that were part of Van Riessen and Fraczek's second reports. On December 9, 2004, Foodbrands filed a motion for a protective order to preclude Terracon from seeking to depose Van Riessen and Fraczek as to their new or modified opinions. On January 21,

2005, upon full briefing of the motion for protective order, Magistrate Judge James P. O'Hara denied Foodbrands' request for a protective order.[1]

In the meantime, on December 23, 2004, Terracon filed a motion to strike Foodbrands' experts as a discovery sanction (Doc. 224), claiming that Foodbrands untimely asserted new or changed expert opinions in the declarations and rebuttal reports without properly supplementing Van Riessen and Fraczek's original reports, and after Terracon had taken their depositions and filed their *Daubert* challenges. In its motion, Terracon further claims that Foodbrands has precluded Terracon from examining Van Riessen and Fraczek as a result of Foodbrands' instructions to Van Riessen and Fraczek during their November 2004 depositions not to answer questions regarding new or changed opinions. Terracon further points out that Foodbrands has never formally amended its expert disclosures as required by Fed. R. Civ. P. 26.

### B. Terracon's Experts

Terracon has designated three primary experts to testify: Ernest Barenberg, Kelly Rotert and Luke Snell. Terracon disclosed its experts' reports on September 3, 2004. Foodbrands took Snell's deposition on September 27, 2004. Terracon also designated Snell and Steven Levorson as surrebuttal experts in response to Van Riessen's and Fraczek's rebuttal reports, and Terracon disclosed their surrebuttal reports on November 11, 2004.

Foodbrands filed a motion in limine to strike Snell and Levorson's surrebuttal reports on December 15, 2004 (Doc. 218). Foodbrands contends that surrebuttal evidence should be limited to evidence addressing new matters raised by plaintiff in its rebuttal, and does not encompass areas previously addressed in plaintiff's case-in-chief. Foodbrands wants to limit Snell to the opinions set forth in his initial

---

[1] No further depositions of Van Riessen and Frazcek have occurred.

report and deposition, and bar any testimony by Levorson. Terracon contends that, because of the timing and manner in which Foodbrands' experts changed their opinions, added new opinions and provided new or additional bases for those opinions in their rebuttal reports and the declarations made in response to Terracon's *Daubert* motion, Terracon's only meaningful opportunity to rebut those opinions was through surrebuttal, especially given Foodbrands' instructions to Van Riessen and Fraczek not to answer questions during their second depositions. On June 3, 2005, Foodbrands also filed a motion in limine to strike both Rotert and Snell's testimony pursuant to *Daubert* (Doc. 314).[2]

## II. Standards

### A. Disclosure of Expert Testimony

Rule 26(a)(2) requires that parties disclose the identity of any witness who is retained or specially employed to provide expert testimony and that the disclosure be accompanied by a written report. Each expert report must be in writing and signed by the expert, and must contain: a complete statement of all the expert's opinions and the basis and reasons therefore; the data and information considered by the expert; any exhibits to be used as support for the opinions; the qualifications of the expert and all publications authored by the expert in the past ten years; the expert's compensation for his review and testimony; and a list of all other cases in which the expert has testified at trial or at deposition in the past four years. *Id*. "Supplemental disclosures are permitted, and indeed may be required." *Miller v. Pfizer, Inc*., 356 F.3d 1326, 1332 (10th Cir. 2004); *see* Fed. R. Civ. P. 26(e). Failure to make proper disclosures may require exclusion of the expert's testimony pursuant to Rule 37(c)(1), which provides that a party who, without

---

[2] Foodbrands does not take issue with Barenburg's proposed expert testimony.

-4-

substantial justification, fails to make the required disclosures shall not, unless such failure is harmless, be permitted to use as evidence at trial any witness or information not so disclosed.

### B. Admission of Expert Testimony

Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Under this rule, the court examines whether the expert is initially qualified to give the opinion proposed and whether the opinion expressed meets the requirements of *Daubert* in that it "rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 591. This evaluation, commonly referred to as the court's "gate-keeping" function, extends not only to scientific testimony, but also to technical and other specialized testimony. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

To determine reliability, the court may use the flexible *Daubert* test, which includes the following factors: "(1) whether the proffered technique can and has been tested; (2) whether the technique or theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a technique in the relevant community." The court may also consider other relevant factors, including an expert's qualifications, in determining reliability. *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1266 (D. Kan. 2003) (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 149).

To determine relevancy, the court considers whether the expert's testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The court should admit testimony that is "[so] sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591. In general, "rejection of expert testimony . . . [is] the exception rather than the rule." *Hutton Contr. Co., Inc. v. City of Coffeyville*, 2004 WL 2203449, at *11 (D. Kan. Sept. 24, 2004).

### III.   Analysis

Other than the core issues raised in each parties' *Daubert* motions with regard to the expert testimony at issue, the controversy in the pending motions currently before the court appears to have generated from Foodbrands' disclosure of the lengthy declarations by Van Riessen and Fraczek and from Van Riessen and Fraczek's rebuttal reports. Van Riessen's declaration contains eleven substantive paragraphs that, according to Terracon, arguably change or add to his expert opinions previously set forth. Similarly, Fraczek's declaration contains twenty-five substantive paragraphs that arguably change or add to his expert opinions previously set forth. The disclosure of these declarations and the subsequent chain of events led Terracon to prepare detailed surrebuttal reports by Levorson and Snell.

In considering the parties' motions, the court has considered the timing of the disclosure of Van Riessen's and Fraczek's declarations, Foodbrands' failure to supplement Van Riessen or Fraczek's reports as required under Rule 26, Foodbrands' directions to Van Riessen and Fraczek not to answer questions at their November 2004 depositions, and the current posture of this case. Notably, the parties have engaged in many disputes during the course of this case, and it appears the parties have a difficult time conferring with

each other as this district's Local Rules require before bringing issues before the court. The parties' conduct during discovery, especially with regard to the expert issues, has been contentious and less than cooperative.

With regard to the substantive issues before the court, in general, the court notes that the parties' arguments with regard to the testimony of Van Riessen, Frazcek, Rotert, Snell and Levorson seem to go more to the weight and scope of their testimony, rather than to their admissibility. All of the expert witnesses at issue in this case appear to be well-qualified to give their proffered opinions and have several years of experience in the industry. Moreover, each expert's testimony appears to be relevant to the facts that will be before the jury, even if from different perspectives. Having considered Rule 702 and the relevant factors, the court finds it unlikely that it will completely bar the testimony of any of these experts.

Accordingly, based on the procedural history of this case, the court has decided to deny the parties' pending *Daubert* motions (Docs. 184 and 314) without prejudice at this point. Because of the court's pending trial of a criminal capital case that will begin in October 2005, and which is scheduled to last at least eight to ten weeks, the court will have to re-set the parties' trial date in this case until a date in 2006, likely in February 2006.[3] With the benefit of extra time in which to prepare the case for trial, the court instructs the parties as follows:

Foodbrands will supplement its expert reports by Van Riessen and Frazcek to include the opinions set forth in their November 2004 declarations and their rebuttal reports, if such opinions should have been part of their original opinions, and provide the supplements to Terracon within **10 days of the date of this Order**. Foodbrands also shall permit Terracon to depose both Van Riessen and Frazcek regarding the

---

[3] Because this case had a special setting for November 28, 2005, the court requests that the parties contact the court to reschedule the trial date.

*entirety* of their expert opinions **on or before October 14, 2005.** If the parties have issues during the depositions that cannot be preserved by making objections on the record, the parties shall do their best to confer and resolve the issues, and then, if necessary, contact the court contemporaneously to obtain a ruling.[4] **If Foodbrands chooses not to supplement Van Riessen and Frazcek's reports, Foodbrands will be limited to using their original reports.**

Terracon shall then, if necessary, supplement and provide Snell's expert report to Foodbrands **on or before November 4, 2005.** Subsequently, Foodbrands shall provide Van Riessen's and Frazcek's rebuttal reports, if still necessary, **on or before November 18, 2005**. Likewise, Terracon shall provide surrebuttal reports by Snell and Levorson, if still necessary, **on or before December 2, 2005.** The parties then may renew their motions to exclude expert testimony, if still necessary, **by December 16, 2005.** The court's Order does not permit either party to designate new experts or add materially new opinions that have not already been disclosed.

The court is mindful that these are short deadlines in which to accomplish this final discovery; however, based on the parties' extensive work to date, and the fact that the parties will be completing this discovery instead of engaging in final trial preparation, the court believes the deadlines are manageable, especially if the parties confer and cooperate as is required by Local Rule.

**IT IS THEREFORE ORDERED** that Terracon's Motion to Strike Plaintiff's Experts (Doc. 184), and Foodbrands' Motion in Limine to Strike Expert Testimony of Kelly Rotert and Luke Snell (Doc. 314) are denied without prejudice.

---

[4] Because of the undersigned's trial schedule during this time period, the court requests that the parties contact Magistrate Judge O'Hara to resolve any deposition disputes.

-9-

**IT IS FURTHER ORDERED** that Foodbrands' Motion in Limine to Strike the Surrebuttal Expert Reports of Luke Snell and Steven Levorson (Doc. 218), Terracon's Motion to Strike Experts as a Discovery Sanction (Doc. 224), Foodbrands' Motion for Leave to File Surreply, or, in the Alternative, To Strike Materials Newly Submitted by Terracon (Doc. 231), Terracon's Motion for Order to Submit Amended Reply Memorandum in Support of its Motion to Strike Experts as Discovery Sanction (Doc. 250), and Foodbrands' Motion to Strike Amended Reply Memorandum and Evidence (Doc. 259) are denied.

**SO ORDERED.**

Dated this 14th day of September 2005, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**